ERNESTINA GIROD LUBE y otros, demandantes y recurridos, *v.* HILDA ORTIZ ROLÓN y ELÍAS ACEVEDO VÁZQUEZ, demandados y recurrentes.

*Número:* CE-64-44          *Resuelto:* 21 de abril de 1965

*Carlos J. Irizarry Yunqué,* abogado de los recurrentes; *Ubaldo Aponte,* abogado de los recurridos.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

SENTENCIA

De la opinión y sentencia emitida en 19 de julio de 1962 por el Tribunal de Distrito, Sala de Guayama, en una acción civil iniciada en 1960, aparece que el día 1ro. de noviembre de 1961 se celebró una audiencia a la cual comparecieron todas las partes litigantes con excepción del "tercero demandado" Vicente Colón Morales, quien había sido citado dentro del pleito para que respondiera por su garantía de saneamiento en caso de evicción. La incomparecencia obedeció a que se encontraba enfermo, "y el Tribunal se trasladó a su residencia donde prestó declaración." Precisa aclarar que Colón Morales se había allanado a las pretensiones de la parte actora y que en las alegaciones escritas que presentó admitió prácticamente todos los hechos alegados en la demanda. La vista se continuó el 27 de diciembre recibiéndose en evidencia cierta prueba documental. Dice el juez, "A base de toda la prueba documental reseñada y del testimonio presentado [*sic*] por Vicente Colón Morales, las partes dieron por sometido el caso . . . ." Se declaró la demanda sin lugar.

En 20 de agosto de 1962 los demandantes, representados por otro abogado distinto al que intervino en la vista, interpusieron recurso de apelación. Dentro de los 5 días siguien-

tes no informaron al tribunal que se proponían preparar una transcripción de evidencia. Regla 54.11 (b). En 5 de noviembre se ordenó que se elevaran los autos originales al Tribunal Superior. En un incidente sobre desestimación de la apelación, la parte apelante llamó la atención sobre el hecho de que el Juez de Distrito no había unido una relación escrita de todo lo ocurrido en el caso, y solicitó que así se le ordenara. Así se dispuso. El juez recurrido dictó una resolución aclarando que no había preparado la relación del caso porque la sentencia se había fundado en la prueba documental sometida por las partes "y que la única prueba que desfiló fue el testimonio de Vicente Colón Morales, . . . quien sostuvo sustancialmente las alegaciones de los demandantes y manifestó además . . . que no le dio crédito a su testimonio." En vista de ello, la parte apelante reiteró su súplica para que se ordenara al Juez Filiberto Santiago a preparar dicha relación. Específicamente en escrito de fecha 29 de marzo de 1963 (Autos, pág. 96), dice: "Que lo único que piden los demandantes-apelantes es que al prepararse la Relación del Caso se dé un detalle de la declaración prestada por el referido Vicente Colón Morales la cual fue considerada por el tribunal a quo al resolver el caso."

En 13 de agosto el Juez Santiago preparó la relación del caso en la cual se limita a exponer el testimonio del mencionado testigo, previa la aclaración de que el tribunal "a petición de la parte demandante se constituyó en la residencia del señor Vicente Colón Morales, Barrio Grand Stand, de Guayama, debido a que se alegó que dicho testigo se encontraba enfermo." La relación es extensa y detallada. No se solicitaron enmiendas o correcciones a la misma.

En 1ro. de septiembre la parte apelante solicitó se anulara la sentencia y se le concediera nuevo juicio fundándose en que la declaración de Colón no había sido grabada tal cual lo exigen las Reglas que gobiernan las Apelaciones del Tri-

bunal Distrito al Tribunal Superior. Así lo resolvió el Tribunal Superior.

■ Es cierto que la Regla 2 de las mencionadas (*Práctica Forense Puertorriqueña*, Vol. 1, pág. 418) dispone que a menos que las partes al comenzar el juicio o durante el transcurso del mismo renuncien al derecho que tienen a que se graben sus incidencias, el juez de distrito que presida ordenará la grabación de todos los procedimientos. Pero no hay nada que exija que esta renuncia sea expresa. Puede ser, como en el presente caso, tácita. La solicitud del abogado original de la parte demandante para que se le tomara declaración a un testigo que le era favorable fuera del recinto del tribunal por encontrarse dicho testigo enfermo equivale a una renuncia implícita a la grabación del testimonio.

No habiéndose formulado reparos a la relación preparada por el Juez Santiago, procede que el Tribunal Superior, conozca de la apelación a base de los autos que le fueron elevados.

Se revoca la resolución del Tribunal Superior, Sala de Guayama, de 1ro. de diciembre de 1964, y se devuelve el caso para la continuación de los procedimientos. [1]

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente Interino.

(Fdo.) Pedro Pérez Pimentel
*Juez Presidente Interino*

Certifico:

(Fdo.) Ignacio Rivera
*Secretario*

[1] En vista del largo tiempo transcurrido debe concederse, hasta donde lo permita la situación del calendario de la Sala, preferencia a la resolución de este recurso, una vez las partes hayan presentado los correspondientes alegatos.